Mariah Gondaro Yes your honor I am here Good morning my name is Mariah Gondaro and I am an attorney for Advocates for Faith and Freedom I represent Appellant David LaVelle and I would like to reserve 3 minutes for rebuttal May it please the court This appeal raises two main issues. First, the lower court improperly dismissed Officer Brown under qualified immunity on a motion to dismiss phase. Second, the lower court improperly held that the Las Vegas Metropolitan Police Department was not liable under Monell and granted the department summary judgment. This case arose when my client David LaVelle was preaching in public ways in Las Vegas at the Fremont Experience Pedestrian Mall with amplification. The department confronted him, specifically Officer Brown and Officer Acosta. Sergeant Gibson instructed Officer Acosta and Brown to write him a citation for using an amplifier that can be heard beyond 50 feet. The specific code they cited him for was section 9.16.30k. Officer Brown relied on Sergeant Gibson's instruction, the police criminal offense handbook, and written guidance supplied by the department. None of which instruct police officers that the ban on amplified speech does not apply to non-commercial activity. LaVelle sent a letter through counsel to Sheriff Lombardo after this incident in December of 2018, explaining that the department violated LaVelle's First Amendment rights by banning him from engaging in amplified speech. Importantly, Sheriff Lombardo was put on notice of David LaVelle's side of the story. Instead of instructing his officers to refrain from citing LaVelle and giving insurance that they would not, he said he would continue to enforce the law as it was interpreted by the department. Under Monell, municipalities can be liable through one of first ways. First, there is the express policy. The express policy does not have a requirement that the policy be super detailed. The express policy must set forth a fixed plan of action followed under certain circumstances. There is ample evidence that the department, when applying the noise ordinance, did not include non-commercial speech. It is written and reflected in the criminal offense handbook that has been circulated to police officers during training, instructing them how to apply ordinances and laws. The 2008 version of the handbook includes a list of prohibited noises under section 9.1630, including sounds with. So can I can I jump in and just ask you a basic question? Let's assume that the ordinance did not have the non-commercial speech exception at all. Right. It just imposed a flat 50 feet, 50 foot restriction on the use of amplification devices. Is it clear that that would be facially unconstitutional? And if so, what are the best cases that established? If the noise ordinance did not include a. A exception for non-commercial activity than the best cases for that would be word it would be unconstitutional if there was no exception for people like. Mr. Lovell, and I believe Ward is a Supreme Court case. It is why why, in your view, does Ward establish that the 50 foot restrictions too too narrow? Because it is not. Because one, the police officers like or the or the preachers have a right to use amplification and public right right away. And the reason why they have a right to use amplification is because amplification gives them the ability to reach a large number of people. And so there's no other alternatives for amplification. And so that is why the 50 foot restriction would be unconstitutional. Other than Ward. Other than Ward, is there any other case that says that. There are other cases that we cited to you in our in our opening brief that on rebuttal, I can get back in and name those specific cases in relation to the facial challenge to me. Let me let me ask you another sort of basic question. There were I understand that there are two issues on appeal. Is that correct? Whether or not the district court properly granted qualified immunity to the officer was Brown. I believe his name was Brown. Is that correct? And as I recall from the district court's order, the district court said, well, Officer Brown was just basically following department policy. And therefore, he should get qualified immunity. Is that what the district court said? At the motion to dismiss stage. Yes, your honor. And in our position is that he is not entitled to qualified immunity because the law was clear on its face. The ordinance was clear that there was an exception for non-commercial speech. Grossman. Well, so, you know, under qualified immunity, we're looking at the Constitution. Right. So what was the. What cases clearly establish. You know, the right you're seeking to vindicate. This ward regarding qualified immunity, it involves both a it's it involves both both a statutory right and a constitutional right. That's not. So there was a statutory right through the ordinance that he had the ability to use non-commercial speech or to use an amplifier in the public right away. Right. But the statutory violation can't be the basis for 1983. It's got to be. You're relying on an underlying First Amendment violation. And that's why I posed the question to you that I did. It seems to me for for Officer Brown to be denied qualified immunity here would have to be crystal clear to any reasonable officer out there in the field that this 50 foot limit in the circumstances he confronted with your client was was, you know, if it were to be enforced, it would violate the First Amendment. Not that it would violate the statute. That's a state statute. That doesn't help you. It seems to me. Yes, your honor. Well, the purpose of and what the lower court found was the purpose of the the the city, including that exception, was to be consistent with the Constitution, right? That's one of the reasons why the lower court found that the that the city ordinance was was facially constitutional was because it did allow for people like Mr. Amplifier and a public right away. And I think it's well established that people that there is protected speech that can be used in public forums, such as public right of ways like the Fremont Experience Mall. I think following up, if I can, Ms. Gondaro on Judge Watford and Judge Bias's question, the Supreme Court has has approved of decibel level ordinances, even absent an exception for noncommercial speech, correct? According to the cases you've started, the Supreme Court has definitely approved of decibel level ordinances in certain situations, correct? Yes. Yes, your honor. And so I guess my question is, how would Officer Brown be able in terms of how is there any clearly established principle on those kinds of cases that would would preclude Officer Brown from being entitled to qualified immunity? The whole notion under Monell violations that we'll get to in a minute, but in terms of the officer, there's got to be a clearly established right as they're not for him to recognize he or she to recognize. Again, the clearly established right here was laid out in the text of the ordinance, which the lower court found to be facially constitutional. And in fact, this our office has argued the same issue in this court in a case called Mackey versus Meyer, where this court held that the officer was not entitled to qualified immunity when he arrested a preacher due to an errant misinterpretation of the law because the law was clear on its face. Here, the ordinance is clear on its face, and that's what makes this case different than cases like Grossman, because the ordinance included an exception for noncommercial activity, and they did so to be consistent and to to make sure that constitutional speech was protected in public right of ways. And can you just am I wrong in when I tell you that my view is that the violation of the statute is irrelevant to the validity of your claim? I'd seem am I am I missing something there? I just you keep harping back to the fact that, well, the statute was clear in space, and that's why I said, well, let's just pretend the statute didn't have the exception at all. How is it clearly established that this would violate the Constitution? And your answer on that is kind of shaky. So you keep coming back to the statute. Am I just wrong in thinking that the statutes are relevant? Qualified immunity applies when someone violates clearly established rights, whether that be the Constitution or a statutory right. No, a federal statute, not a state statute, not a local municipal ordinance. That's where I think you're mistaken. Am I just correct me if I'm wrong on that point? And it's pretty basic. Yes, Your Honor. Yes, Your Honor. The reason why a reasonable officer should know that his conduct is unconstitutional or that he's not entitled to qualified immunity is because the preacher was in a public right away. And just the fact that he was in a public right away should have alerted him to look at the ordinance and to determine whether there was an exception for people like the preacher to use an amplifier for noncommercial activity. So I think the location is key because he was in a public right away, and it's well established that there are constitutional protections in public forums. Thank you. I will go back very quickly to Monell liability. So there are two other ways why the department is liable. And the first is regarding the well established practice. The question when determining whether there is a well established practice is whether a given incident is a product of a random act or a settled practice reflecting a standard operating procedure. A policy need not be enforced any certain number of times to qualify as a policy. This case arose from a settled policy, not a random act. The department sit around guidance that emphasize the enforcement of amplification devices on the Fremont Street experience. And Officer Brown relied on this guidance. And there's evidence that the police officers enforce this noise ordinance, specifically Section K, to other individuals by warnings. He had testified that he did this pursuant to the written guidance. Officer Brown testified that he had did this pursuant to the written guidance that he had received. So the constitutional harm is the same, whether it is a warning or a citation, because the both have the effect of silencing speech. We would still be here today, even if the department gave a warning because we are seeking injunctive relief. Furthermore, the common awareness and unity among the police officers. When applying the noise ordinance reveals the established practice, the officers knew what they were supposed to do. Officer Brown admitted during the deposition that he knew he needed to enforce Section 9.16.30K. Also, he testified there was a specific code that was used for the utilization of amplified speech. It was 416B, which referenced someone using an amplified device at the Fremont Street experience. All of these facts indicate that the incident was the result of a well-orchestrated policy. Lastly, Sheriff Lombardo ratified Officer Brown's conduct after he responded to counsel's letter. Importantly, the letter sent to Sheriff Lombardo informed Lavelle, or informed Sheriff Lombardo of Lavelle's side of the story. And instead of ensuring him that he could use amplification in the mall, he said he was obligated to enforce the law. The lower court makes much of the fact that Lavelle's letter only argues that the noise ordinance is facially unconstitutional. But that fact alone should have prompted the Sheriff to inform Lavelle of his right to use an amplifier and to look at the statute to determine whether it was facially unconstitutional. Counsel, did you want to save any time for rebuttal? Yes, three minutes. Well, you're down to one minute and 12 seconds, so why don't we... So in summary, Your Honor, as the decision stands, it would have a grave consequence for the rule of law because right now no one is liable. And so this court should overrule both the motion to dismiss and the motion for summary judgment, and I'll reserve one minute. Okay, thank you. Go ahead from the other side now. Good morning, Jackie Nichols here on behalf of the Las Vegas Metropolitan Police Department and Officer Brown in this matter. May it please the court. I'd like to start off with addressing the clearly established prong of the qualified immunity. The cases cited by Mr. Lavelle in this matter for the proposition that the law was clearly established in relation to the 50 feet rule in utilizing amplification devices all relate to the general principle of time, place and manner law. And the Supreme Court has reiterated over and over again that that's not sufficient for promoting clearly established law. Now, the Ward case is entirely factually different from this case. That case actually stood for the proposition that a government can restrict the use of amplification devices. Under the clearly established theory, there's really two ways to demonstrate that it's well-settled law. You either have to have controlling precedent, which in this case would be the United States Supreme Court or the Ninth Circuit, and they don't cite any specific cases that address this issue here, which is that Officer Brown was on reasonable notice that the use of the amplification device where you could hear the sound in excess of 50 feet would be in violation of the First Amendment. The three cases that Mr. Lavelle does cite are not controlling and they're not persuasive. The first would be U.S. v. Doe out of the D.C. Circuit in 1992. That's a protester case where they were chanting and beating drums in Lafayette Park. And that dealt with a musical instrument, not an amplification device. The next case is from the Fourth Circuit in 1977 where Baltimore had a noise ordinance prohibiting the amplification of a speech on a public street if it reaches a certain decibel within a few feet of the speakers, not 50 feet. And this case doesn't deal with specific decibels. And the last one was out of Missouri in 2016 where they found that the ordinance itself was void for vagueness, and that's really all that they address. It's not really applicable here. Counsel, can I ask you a question? How did the district court address this issue, if at all? The qualified immunity issue? Whether the law was clearly established. So at the motion to dismiss stage, the court is required to take the allegations in the complaint as true. And the allegations in the complaint were that the department had a policy, LVMPD had a policy, that allowed Officer Brown to enforce the statute against non-commercial speakers. And so taking those facts as true, the department, or I should say Officer Brown, argued that it's not clearly established. The plaintiff, the burden fell on the plaintiff, Mr. Lovell, to specifically point out any cases that would have put Officer Brown on notice that, as alleged in the complaint, the department's policies patently violated First Amendment law. There was not a single citation in the opposition to the motion to dismiss regarding other law. And so based off of that, that's how the court reached the decision at the motion to dismiss stage. So let me ask you this. What do you understand to be the plaintiff's First Amendment claim, or First Amendment slash due process claim? So, Your Honor, the lower court did find a First Amendment violation. So as it relates to the department, under Menel, they can only be held liable if there is a policy, a practice, or a custom. And under those three, and that's how I interpret their theory is based under, is that now because we do have a constitutional violation, they now have to demonstrate... But what did the district court say was the constitutional violation? It was the district court found that the citation was a First Amendment violation. But why? I don't believe that the court elaborated on it, Your Honor. In looking at the record, my understanding, it was really like two sentences in just the fact that... What was the department's position before the district court? Did you suggest to the district court that there was a constitutional violation? No, Your Honor. We opposed that in our motion for summary judgment to Mr. LaBelle's motion for summary judgment. But no, I mean at the motion to dismiss stage, which is where qualified immunity was decided for Officer Brown. We also did not address the violation at the motion to dismiss stage because as pled in the complaint, Your Honor, they had pled sufficient allegations to establish First Amendment violation. But at the preliminary injunction stage, as I understand it, Mr. LaBelle was unsuccessful in his motion for preliminary injunction, correct? That's correct. And did not the department appear to acknowledge a policy of misenforcement in addressing that, misenforcement of the statute? So the department took the position that Officer LaBelle had misapplied the statute in the sense that Chapter 9 of the Las Vegas Municipal Code and 9.16 govern the city of Las Vegas as a whole. And that the more applicable statute here would have been under Chapter 11.68, which specifically governs the Fremont Street experience. And so that was the department's position in relation to qualified immunity is that Officer Brown misapplied the statute. Does that not create a question of fact when we get to the matter of the Monell liability or lack thereof with respect to the department in the motion for summary judgment? I don't believe that it creates an issue of fact because you have to look at it even in a light most favorable to Mr. LaBelle that there is no Monell liability. But in terms of those arguments, don't you face a situation potentially of judicial estoppel in terms of taking one position in the context of qualified immunity as to Officer Brown and another in the context of Monell liability on the part of the department? No, Your Honor. To address that, the department doesn't have any policy regarding 9.16.030 subsection K. And that's what goes to, you know, the heart of the plaintiff's claims here in trying to establish that there is this policy within the department of enforcing this statute under Fremont Street within Fremont Street experience under the canopy against noncommercial speakers within the 50 foot band. There is no policy, and I'd like to specifically address the two alleged policies, the first being the criminal handbook. Now, if you compare, I believe it's on page 57 of the record is the actual handbook printout. And in there it appears it's my understanding anyways that the. The issue that Mr LaBelle is raising is that there is not an exception in here for noncommercial speech, and therefore it implies that the department enforces this this specific ordinance against noncommercial speech. I think it's important to recognize the full statute of.09.16.030 that has a multiple multitude of different enumerated provisions of prohibitions regarding noises within the city of Las Vegas as a whole. And this handbook specifically only addresses three of them, which means that the department doesn't have a policy of enforcing all of those enumerated prohibitions. And if you specifically look at the second one on ER 57, it's talking about playing a device, and that is consistent with. Section 9.16.030 subsection B of the ordinance and a copy of the ordinance is in the record. Your Honor, it's on page 53 is subsection B, and that specifically pertains to playing or operating a device not spoken language that we're dealing with here in relation to Mr LaBelle. And I think it's also important to point out that on on page 53 of the record under subsection B, it says this subsection shall not apply to any noncommercial spoken language that is the subject to subsection K of this section. And so going back to counsel's point that the face of the statute expressly prohibits it there with Mr. with Officer Brown looking at the ordinance, there is some confusion as to whether or not that subsection K would include noncommercial speech or if it wouldn't, given that language under subsection B. As far as the emails, this guidance, what's being referred to as a guidance, the Las Vegas Metropolitan Police Department is different in comparison to a lot of other jurisdictions where in normal course, the police department will fall under the purview of the city. And this with the Las Vegas Metropolitan Police Department, they are a separate entity from the city. And because of that, the city's guidance, the city's interpretation on how to interpret its own ordinance cannot be imputed onto LVM PD from a Manel liability standpoint. What is really at issue is is where the issue of fact comes in is whether or not the city had a unconstitutional policy or a policy or an interpretation of its own statute and in violation of the First Amendment and going to the emails which are in the record at 177 to 179. It's the city attorney and at Pulaski, who specifically interprets the statutes and advises which which ordinances can be. Which ordinances would apply? And there's two separate ones, Chapter nine and then Chapter 11. And then it demonstrates that the captain of the downtown area command at that time, which was Captain Chavez, simply passed the email on and said, brief the bike squads on this. There's no direction from the captain on on how to say why. Why isn't that all just a question of fact? I mean, you're just. Reiterating. Well, because worry that, you know, it sounds like the factual dispute, whether or not there was a policy, but. I guess the follow up on Judge Pius's question, if I can, is Nichols. What is not their clear authority that says that a police officer's mistaken understanding of his authority will clearly give rise to an issue of fact with respect to the the department itself and whether or not there is a policy under Monell. If there's a mistaken understanding of his authority, does that not almost always give rise to a tribal issue of fact? To answer that question, I don't think it's an issue of fact related to the department. I think it's an issue of fact related to the city. That's the second time. What's the difference between the city and the Metropolitan Police Department, which is a defendant? Are you saying that the that the department of the Metropolitan Police Department is not part of the city? That is correct, Your Honor. And I cited that. One brief second. I did cite that in my answering brief. The case is is it's an unpublished decision, but the case is Scott. And it's Scott versus Las Vegas Metropolitan Police Department. It's found on page 31 and 48 of my answering brief. And I think if I kind of went into more detail on page 48 of the brief where I discussed the difference, and it's a statutory difference under NRS 280.280. The sheriff is responsible for creating policies of the police department. But because the Las Vegas Metropolitan Police Department is a statutorily created entity under NRS 280. It's completely separate and apart from the city. And so that's why I'm saying that I believe the issue of fact is one for the city of Las Vegas, who is a separate defendant but no longer involved in this case. And that it's not imputed onto the Las Vegas Metropolitan Police Department. Well, I'll have to take another look at that. Your time is just about up. Do you want to wrap it up? In sum, I don't believe that the plaintiff, Mr. LaValle, has satisfied his burden under either the qualified immunity staff, the qualified immunity provision or the Minal claim. Okay, thank you. And counsel, you have a minute for rebuttal. Yes, Your Honor. I would first like to address the qualified or Minal. It is clear based off of the record, there is no issue of fact that there was a policy to enforce the ordinance to non-commercial activity. This was reflected not just in the handbook but also in written guidance that Officer Brown testified on pages 60 to 70 in the excerpts of record. And regarding the emails, the emails augment the written guidance and Officer Brown interpreted the emails and relied on the emails when citing LaValle. And regarding qualified immunity, whether the law was clearly established is an objective standard. The officer can only have a fair warning. And the fair warning that Officer Brown got here was that there was a statutory exception to non-commercial activity. That was his fair warning and that is what makes it like Mackey versus Meyer. Okay, thank you counsel. We appreciate your arguments this morning and the matter is submitted.
judges: PAEZ, WATFORD, Bennett